## Smith's Estate.     Rolshouse's Appeal.

*Agreement for sale of land—Arrears of dower.*

An agreement for the sale of land provided that all arrearages of dower should be paid and receipted for of record to the date of the deed.    The vendee went into possession at once, but owing to the death of the vendor no deed was executed for more then a year.    *Held*, that under the terms of the agreement the representatives of the vendor must pay arrearages of dower up to the date of the execution of the deed.

*Presumption of payment of recognizance.*

A purchaser of real estate is protected from an unsatisfied recognizance entered in partition proceedings in the orphans' court for purchase money, by the presumption of payment arising from the lapse of thirty-six years.

Argued Nov. 4, 1892.    Appeal, No. 192, Oct. T., 1892, by J. G. Rolshouse, from decree of orphans' court of Allegheny Co., June T., 1891, No. 178, ordering specific performance of a contract of sale of land by the executors of George F. Smith, deceased.    Before GREEN, WILLIAMS, McCOLLUM, MITCHELL and HEYDRICK, JJ.

Petition by Mary Smith, Lewis Smith and G. F. Smith, Jr., executors of George F. Smith, deceased, praying for specific performance of a contract for the sale of land made between their testator and J. G. Rolshouse.

July 11, 1891, an answer was filed by Rolshouse admitting that he had been in possession since Dec. 1, 1890, the date of

the agreement, and admitting the agreement, the material portion of which provided that, " the said Rolshouse agrees to pay to the said Smith, his executors, administrators and assigns, the sum of eight thousand five hundred dollars, in manner and form following: Five hundred dollars cash in hand, and the balance when the deed is made and delivered and the title thereto found to be good and the property clear of encumbrances except as hereinafter stated.   It is stipulated and agreed that the said Rolshouse takes the said property, subject to a dower of Mary N. Good from the date of his deed, it being now unknown how the said dower is secured, but all arrearages due, to be paid to the date of the deed and receipted upon the proper record.   It is stipulated, however, that the principal sum of said dower is eleven hundred and sixty-six dollars and seven cents.   Possession to be had by the said Rolshouse this day.   This year's taxes and all previous taxes to be paid by the said Smith."

The answer averred that the arrears of dower had not been paid and that there was unsatisfied of record a recognizance for the payment of $376.86, purchase money on sale in partition proceedings, on June 22, 1856, entered into by James M. Cooper to the heirs of Nicholas Good, Cooper being a predecessor in title to the vendor.   The answer averred a willingness to pay the balance of the purchase money when these sums were paid and a deed executed.

At the hearing in the court below it was admitted that the arrears of dower to Dec. 1, 1890, had been receipted of record. Other facts appear by the opinion of the Supreme Court.

The court entered a decree, Jan. 16, 1892, ordering the executors to execute a deed for the land, and that "upon execution and tender of said deed it is ordered and decreed that the said J. G. Rolshouse shall pay to the said petitioners the sum of two thousand dollars with interest from the 11th day of July, A. D. 1891, being the balance of the purchase money unpaid under the term of said contract of sale."

*Error assigned* was the decree ordering specific performance of the contract, reciting it in full and reciting the records of the court No. 113, Oct. T., 1853, showing the recognizance upon the land for dower and for money due the heirs of Nicholas Good, and that the arrearages of dower were receipted for only to Dec. 1, 1890, and reciting the decree made.

*A. Blakeley*, for appellant.

*J. M. Shields*, with him *D. D. Bruce*, for appellee.

PER CURIAM, November 11, 1892:

It was stipulated in the agreement of sale that the appellant was to take the property subject to the widow's dower from the date of his deed, and that all arrearages of dower should be paid to the date of the deed and receipted upon the proper record. Of course these arrearages were to be paid by the vendor. It was also stipulated that the purchase money was to be paid at the execution and delivery of the deed. In point of fact six thousand dollars of the purchase money, in addition to the hand money, were paid before the delivery or tender of any deed, and but two thousand dollars remained to be paid. The vendor having died before any deed was prepared, and his executors having no power under the will to carry out the contract, they applied to the orphans' court for the necessary authority for that purpose and it was granted. In pursuance of this authority a proper deed was prepared and executed by the executors, and was tendered to the appellants. It was dated January 18, 1892, and it became the duty of the appellant to pay the dower of the widow from that date, and the remaining $2,000 of the purchase money at that time. He was therefore liable to pay interest from that time on the $2,000 of purchase money and it was the duty of the representatives of the vendor to pay all arrearages of dower up to the same time. As to the payment due the heirs of Nicholas Good on June 22, 1856, it is sufficient to say that the appellant is protected by the presumption of payment arising after the lapse of thirty-six years. The decree of the court below is modified by inserting, next after the words "and upon execution and tender of said deed," the following words, "and upon payment by said executor of all arrearages of dower to January 19, 1892," and by striking from said decree the words and figures, "11th day of July, A. D. 1891," and inserting in place thereof the words and figures, "19th day of January, A. D. 1892," and in all other respects the decree is affirmed.

The decree of the court below as modified in the foregoing opinion is affirmed at the cost of the appellant.